**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCELINO SANCHEZ-CRUZ,<br><br>               Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 10-71907<br><br>Agency No. A088-017-607<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

    Marcelino Sanchez-Cruz, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

We reject Sanchez-Cruz's contention that the IJ failed to consider properly his fear of persecution by gangs on account of his political opinion and/or membership in a particular social group. Sanchez-Cruz does not challenge the BIA's finding that he failed to show gang members targeted him due to his perceived ability to pay rather than his proposed social group. Further, substantial evidence supports the BIA's conclusion that Sanchez-Cruz failed to establish his actual or imputed political opinion was a central reason for the harm he suffered or fears. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("a protected ground [must] represent 'one central reason' for an asylum applicant's persecution"). Because the BIA's nexus finding is dispositive, we need not reach Sanchez-Cruz's other contentions. Thus, Sanchez-Cruz's asylum and withholding of removal claims fail.

Finally, substantial evidence supports the BIA's denial of CAT relief because Sanchez-Cruz failed to show it is more likely than not that he would be tortured by the government of El Salvador, or with its consent or acquiescence.

10-71907

*See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, Sanchez-Cruz's CAT claim also fails.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**